IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARAH W., and A.L., <br><br>          Plaintiffs, <br>v. <br><br>CIGNA HEALTH and LIFE INSURANCE COMPANY, and the MOUNT KISCO MEDICAL GROUP P.C. HEALTHCARE BENEFIT PLAN, <br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No: 2:19-cv-00629-DB <br><br> District Judge Dee Benson |

Before the court is Defendants' Motion to Dismiss Plaintiffs' Second Cause of Action. (Dkt. No. 6.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

BACKGROUND

At all times relevant to this matter, Plaintiff Sarah W. was a participant in the Mount Kisco Medical Group P.C. Healthcare Benefit Plan ("the Plan"), administered by Cigna Health and Life Insurance Company ("Cigna"). (Dkt. No. 2, ¶¶ 2–3.) Sarah W.'s son, Plaintiff A.L., was a beneficiary of the Plan at all relevant times. (*Id.* ¶¶ 1, 3.) From an early age, A.L. has received treatment for his mental health conditions of depression, anxiety, and autism spectrum disorder. (*Id.* ¶ 9.) More recently, A.L. has expressed suicidal ideation and made a threat of suicide. (*Id.* ¶¶ 12–14.)

A.L. was admitted for inpatient treatment at Aspiro Adventure Therapy ("Aspiro") from May 29, 2017, to August 2, 2017. (*Id.* ¶¶ 4, 16.) Cigna determined that A.L.'s symptoms did not satisfy the Plan's medical necessity criteria for admission and stay in a residential treatment setting, and accordingly denied coverage for A.L.'s treatment at Aspiro. (*Id.* ¶ 17.) Plaintiffs submitted an appeal to this decision, and after review of A.L.'s case, Cigna upheld the denial of benefits for A.L.'s treatment at Aspiro. (*Id.* ¶¶ 18–29.)

Following his stay at Aspiro, A.L. was admitted for inpatient treatment at Telos Residential Treatment Center ("Telos") on August 2, 2017. (*Id.* ¶¶ 4, 30.) Cigna denied payment for the medical care that A.L. received at Telos because Cigna determined that such residential treatment was not medically necessary under the Plan. (*Id.* ¶ 31.) Plaintiffs appealed this decision, and Cigna upheld the denial of benefits. (*Id.* ¶¶ 32–36.) On May 21, 2018, A.L. moved from Telos' residential program to its partial hospitalization program. (*Id.* ¶ 38.) Cigna also determined that this treatment was not medically necessary under the terms of the Plan and denied payment for A.L.'s partial hospitalization. (*Id.* ¶ 39.) A.L.'s father submitted an appeal to Cigna, and Cigna once again upheld the denial of benefits. (*Id.* ¶¶ 40–47.)

Plaintiffs filed their Complaint on September 5, 2019 alleging the following two causes of action: (1) a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) ("Count I"); and (2) a claim for violation of the Mental Health Parity and Addiction Equity Act ("Parity Act" or "MHPAEA") under 29 U.S.C. § 1132(a)(3) ("Count II"). (*Id.* ¶¶ 51–67.) Defendants have now filed a Motion to Dismiss Plaintiffs' Second Cause of Action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 6.) For the reasons states below, Defendants' motion is granted.

## MOTION TO DISMISS STANDARD

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' do not count as well-pleaded facts." *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Iqbal,* 556 U.S. at 678).

## DISCUSSION

The Parity Act "requires that a plan's treatment and financial limitations on mental health or substance abuse disorder benefits cannot be more restrictive than the limitations for medical and surgical benefits." *Roy C. v. Aetna Life Ins. Co.,* No. 2:17CV1216, 2018 WL 4511972, at *3 (D. Utah Sept. 20, 2018) (citing 29 U.S.C. § 1185a(a)(3)(A)(ii)); *see also* 75 Fed. Reg. 5410, 5412–13 (Feb. 2, 2010). "Because the Parity Act 'targets limitations that discriminate against

mental health and substance abuse treatments *in comparison to* medical or surgical treatments,' to survive the dismissal of a Parity Act claim, a plaintiff must allege a medical or surgical analogue that the plan treats differently than the disputed mental health or substance abuse services." *Roy C.,* 2018 WL 4511972, at *3 (emphasis in original).

Having reviewed the facts and arguments set forth in the Complaint and the parties' briefings, the court finds that Plaintiffs' allegations are insufficient to state a claim under the Parity Act. Plaintiffs assert that Defendants violated the Parity Act because disparate treatment existed in the way that Defendants evaluated A.L.'s claims for inpatient mental health treatment at Aspiro and Telos in comparison to the way that Defendants evaluate claims for inpatient treatment at analogous medical or surgical centers, such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities. (Dkt. No. 2, ¶¶ 60–66.) However, nowhere in their Complaint do Plaintiffs provide facts to support such a conclusion. Plaintiffs "fail to allege with specificity facts showing a disparity in [Cigna's] application of limitation criteria" or "*how* a disparity arises between criteria Defendant used to deny coverage for [A.L.'s] treatment and criteria for analogous medical or surgical treatment." *See Jeff N. v. United HealthCare Ins. Co.,* No. 2:18-CV-00710-DN-CMR, 2019 WL 4736920, at *4 (D. Utah Sept. 27, 2019). Instead, Plaintiffs' Parity Act claim is supported by speculative statements and legal conclusions, which do not constitute well-pleaded facts. *See Warnick,* 895 F.3d at 751.

Plaintiffs contend that they lack the necessary information to include more specific facts in order to state a Parity Act claim because Defendants failed to provide Plaintiffs with the Plan's medical necessity criteria for medical/surgical and mental health/substance use disorder benefits. However, the court will not allow Plaintiffs to conduct a discovery fishing expedition on a cause of action that lacks the factual support required by Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 6) is hereby GRANTED, and Plaintiffs' Second Cause of Action is dismissed with prejudice.

DATED this 3rd day of March, 2020.

BY THE COURT:

/s/ Dee Benson

Dee Benson
United States District Judge